Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

A. J. Moore, for appellant.

Franklin Bartlett, for respondent.

BARNARD, P. J. The complaint states that the libel in question charged that Sophia Wellman, the plaintiff's wife, died under circumstances which aroused her husband's suspicion that she had caused her own death by procuring a miscarriage upon her person. The article states that the plaintiff was a lawyer. The complaint states that the article was published to injure the plaintiff. No cause of action is stated in favor of the plaintiff. The injurious publication solely affects the deceased lady, and is a personal wrong which died with her. Cregin v. Railroad Co., 75 N. Y. 192.

There is an allegation that the article was published of and concerning the plaintiff. No libelous statement against him is made in it. The mere statement in the complaint that the article was published of and concerning the plaintiff does not, under the principle that a demurrer admits the complaint, make out a cause of action. Fleischmann v. Bennett, 87 N. Y. 231. The facts stated are at variance with this allegation. The libel is upon the wife. The libel is not supported by reason of the plaintiff's professional character being injured by the libel. No charge is made against the professional character of plaintiff, and no legal reason exists why the plaintiff, as a lawyer, should be injured by it. The order sustaining the demurrer should therefore be affirmed, with costs.

---

## DROHAN et al. v. NORTON et al.

(City Court of New York, General Term. December 22, 1892.)

1. JUDGMENT—VACATING—GROUNDS.

   A judgment against two defendants will be vacated as to one of them, who swears that she was not served with the summons and complaint, that she did not appear or answer, and that she has a meritorious defense, though the record in the action contains a positive affidavit of service as to her, and shows her to have appeared and answered. Ehrlich, C. J., dissenting.

2. SAME—LACHES.

   The fact that defendant knew of the existence of the judgment for over a year before she moved to vacate it will not defeat her right to such vacation, where plaintiffs have made no effort to enforce the judgment for seven years after its rendition.

3. SAME—DENIAL OF VACATION—REVIEW ON APPEAL.

   While an order of the special term of the city court of New York denying a motion to vacate a judgment is discretionary, it is reviewable by the general term in the interests of justice.

Appeal from special term.

Action by John Drohan and another against Marietta Norton and James Murray for goods sold and delivered. Judgment was rendered against both defendants, and defendant Norton now moves that the same be vacated as to her. From an order denying her motion she appeals. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Anthany Barrett, for appellant.
James Kearney, for respondents.

FITZSIMONS, J. This action was commenced December 18, 1882, to recover the sum of $375.23 for goods alleged to have been sold to defendants in 1879. Judgment was obtained by default against defendant Murray. Plaintiffs claim the defendant Norton appeared and answered, and that judgment was obtained against her October 17, 1883; that execution was issued October 24, 1883, and returned unsatisfied. Nothing more was done by plaintiffs until May 28, 1890, when they issued another execution, which was also returned unsatisfied. Supplementary proceedings were then instituted against defendant Norton on December 11, 1891. Upon the service of said order for her examination as a judgment debtor, Norton moved to set aside said judgment, which motion was denied. The special term justice assigned the following reason for such denial: "In view of the positive affidavit of service and the appearance and sworn answer, motion is denied." The defendant Norton swears that she was not served with the summons and complaint herein; that she did not appear or answer; that she never was the partner of the defendant Murray; and that the goods for the value of which this action is brought were not sold or delivered to her; and that she did not know of this judgment until May, 1890. Certainly the plaintiffs have no claim against her if these facts are true; and for their determination they should be submitted to a jury. This is a right, not a privilege, that all parties to actions of this character are entitled to. The appellant contends that she should be deprived of that right because of laches on her part; that she knew of the existence of said judgment against her at least as early as May, 1890, and that she took no action in reference thereto until December 11, 1891. It is true that the defendant Norton was extremely careless. She should have moved sooner than she did to set aside said judgment. But the plaintiffs have been equally careless in the assertion of their rights, for they slept for seven years, did nothing during that period of time, and not until after the lapse of seven years did they deem this judgment worthy of collection. Evidently both plaintiffs and defendant Norton are careless persons, but she should not be compelled to bear more than a reasonable punishment for her negligence. But it would not be reasonable or just te compel her to pay a debt she did not contract, simply because she was careless. The complaint made by plaintiffs, that their witnesses are dead or scattered and testimony lost, and therefore that the judgment should not be vacated, is not justified by the appeal record, for it appears that their clients are alive, and they are able to prove the sale and delivery of the goods in suit. Besides, if they as diligently pursued their legal remedies when they obtained the judgment in 1883 as they are doing now, they would not be laboring under such supposed disadvantages; and, because they failed in their duty, surely defendant Norton should not suffer to the extent suggested. The order appealed from is a discretionary one, it is true, but in the interests of justice it is reviewable and reversible. The action of Mr. Barrett is satisfactorily explained. I be-

lieve him when he says that he acted upon his own responsibility in all things done by him in this matter, and for the purpose of aiding the widow of a deceased friend, and was willing to pay out his own money for that purpose, she being a sick and sorrowing woman. Assuming that Mrs. Norton was served with the summons and complaint, or either of them, I am sure that she did not sign the answer, and that she knew nothing of this judgment until May, 1890; and, as she appears to have a meritorious defense, we order and adjudge as follows: That the judgment herein, as against the defendant Norton, be vacated and set aside; that she be allowed to appear and answer herein within six days after the service of the order entered hereon; that this action be set down for trial peremptorily for February 6, 1893, with $20 costs to plaintiffs and their appeal disbursements. The order appealed from is reversed, and we direct that an order in accordance herewith be entered and substituted in the place and stead of the order appealed from.

NEWBURGER, J., concurs.

EHRLICH, C. J. I dissent for the reason stated in the memorandum of the special term justice.